by the association; and whenever the Legislature, for want of time or for want of intelligence, neglected to heed the suggestions of the association, we always had the satisfaction to believe the Legislature was wrong.

The promoting of social relations and good feeling among the members has also marked the history of our association, and I cordially congratulate the members of the profession in your magnificent young State, where everything seems new except your civilization, upon securing for yourselves the advantages of such an association.

You have done that within six years which it took other States fifty to accomplish. Colorado owes much of its rapid development to the sage counsel, the brilliant abilities and the progressive spirit of her bar. Colossal fortunes have grown up under their advice. Many of them were distinguished in other States before they drifted here for health, or business; and among the number, if you will excuse a personal allusion, which is not invidious, there is one—*homo probus et integer*—who, standing at the head of a noted bar in a city of Missouri, with the generosity of a prince and the wisdom of a sage, directed the law studies and gave a helping hand to many a young man struggling for admission to the bar, and, among them, to one who comes to-day from a distant home, that he may return to him and thank him.

► ● ◄

## SHACKLEFORD *v.* KING.

(*Supreme Court of Colorado, April Term, 1882—Appeal from the Lake District Court.*)

APPEAL. Does not lie from an order refusing a rule looking to the enforcement of a judgment entered at a former term of the same Court, being still in force. The denial of motion for such rule does not vacate or affect the judgment.

BECK, J.   King recovered a judgment against Randolph in the County Court of Lake county for the sum of two hundred and thirty dollars. After entry of this judgment, his attorneys, Berkley & Shackleford, filed a claim against it, claiming a lien to the full amount of the judgment on account of professional services.

The judgment was collected and the money paid into Court. King then appeared by another attorney, Stone, and demanded the money, regardless of the lien claim.

It was finally stipulated in writing that the Court should determine the lien claim in the distribution of the fund, as fully as if a bill had been filed to enforce it, and an issue had been made up of record. The lien claim appears to have been assigned, in the mean time, to the appellant in this cause, J. O. Shackleford. As the result of the adjudication an order was entered that fifty dollars of the amount collected on the judgment be paid to Shackleford, and that the balance thereof be paid to Stone, as attorney for King.

Shackleford appealed from this decree to the District Court of Lake county.

The controversy was heard at the May Term, 1880, Judge Bowen presiding, when it was adjudged that Shackleford was entitled to receive upon his lien the balance of the fund remaining in the hands of the County Judge, which was the further sum of one hundred and eighty-two dollars; and it was ordered that said Judge pay the same over to Shackleford in five days.

At the succeeding September term of said Court, Judge McMorris presiding, a motion was filed in the same cause for a rule upon the County Judge to show cause why he should not obey the order entered at the May term of the District Court, and pay the funds in his hands to Shackleford.

The motion was denied and the cause ordered to be stricken from the docket.

The present appeal is brought to review the last mentioned rulings.

It is clear that no appeal lies for this purpose. As the law stood at the time the proceedings complained of were had, appeals to this Court from the District and County Courts were only authorized by statute where the judgment or decree appealed from was final, and amounted, exclusive of costs, to the sum of twenty dollars, or related to a franchise or freehold. Laws 1879, p. 226.

Appellant seems to have prosecuted this appeal on the theory that the denial of his motion at the September term of the

District Court, and the order of Judge McMorris striking the cause from the docket, operated to set aside the decree entered at the May term of said Conrt. This is incorrect. Whatever views the Judge may have entertained as to the validity of the decree entered by Judge Bowen at the May term, the transcript of the record contains no order vacating or setting it aside. The Judge merely refused to enforce the decree. The error complained of cannot be corrected in this manner.

The appeal is dismissed at the costs of the appellant.

*Appeal dismissed.*

*Shackleford & Waite* and *L. P. Marsh*, for appellant.